UNITED STATES BANKRUPTCY COURT
DISTRICT OF VERMONT

Filed & Entered
On Docket
May 14, 2015

_____
In re:
     Jennie Card,                                                                                     Chapter 7
         Debtor.                                                                          Case # 14-10445
_____
Estate of Wayne Wilder,
         Plaintiff,                                                                      Adversary Proceeding
     v.                                                                                               # 15-1001
Jennie Card,
         Defendant.
_____

*Appearances:* Jennifer Emens-Butler                     Nicole A. Killoran
                Obuchowski & Emens-Butler, P.C.        Bauer Gravel Farnham
                Bethel, Vermont                             Colchester, Vermont
                *For the Plaintiff*                            *For the Defendant*

**MEMORANDUM OF DECISION**
GRANTING IN PART, AND DENYING IN PART, DEFENDANT'S MOTION TO DISMISS

       The Estate of Wayne Wilder, on behalf of the Debtor's deceased ex-husband, filed a complaint initiating this adversary proceeding to contest the Debtor's treatment of the Wilder Estate's putative interest in certain real property the Debtor and her former husband owned jointly during their marriage. The allegations of the complaint rely primarily on the allocation of property rights set out in the pre-petition divorce decree and the Debtor's alleged failure to comply with those terms of the divorce decree. In response, the Debtor filed a motion to dismiss the complaint, asserting there is no basis in law upon which the Wilder Estate is entitled to the relief it seeks. For the reasons set forth below, the Court grants in part and denies in part the Debtor's motion to dismiss the complaint filed by the Wilder Estate.

**JURISDICTION**

       This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334, and declares it to be a core proceeding under 28 U.S.C. § 157(b)(2)(A), (B), (I), (K), and (O), on which it has authority to enter final judgment.

## PROCEDURAL HISTORY

On August 5, 2014, Jennie Card (the "Debtor" or "Defendant") filed a petition for relief under Chapter 7 of the Bankruptcy Code (doc. # 1 in main case # 14-10445). On January 13, 2015, the Estate of Wayne Wilder (the "Wilder Estate" or "Plaintiff") filed a complaint initiating this adversary proceeding (doc. # 1 in adversary proceeding # 15-1001) (the "Complaint").[1] On February 17, 2015, the Debtor filed a motion to dismiss the adversary proceeding and an answer to the complaint (doc. ## 4, 5). On February 27, 2015, the Debtor filed an amended motion to dismiss (doc. # 8, the "Motion") and an amended answer (doc. # 9). On April 1, 2015, the Wilder Estate filed an objection to the Motion (doc. # 12, the "Objection"). On April 21, 2015, the Debtor filed a reply in support of her Motion (doc. # 19, the "Reply"). Finally, on May 1, 2015, the Court conducted a hearing on the Motion, at which the Court issued an oral ruling addressing a couple of aspects of the Motion, and took the balance under advisement. The Court enters this memorandum of decision to memorialize its bench ruling, set forth is rationale for that ruling, and address the remaining issues raised by the Motion.

## LEGAL STANDARD

The United States Supreme Court has enunciated, in great detail, the standard for deciding a motion to dismiss:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (U.S. 2007)]. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id., at 556, 127 S.Ct. 1955. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Ibid. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" Id., at 557, 127 S.Ct. 1955 (brackets omitted).
>
> Two working principles underlie our decision in Twombly. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. Id., at 555, 127 S.Ct. 1955 (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not bound to accept as true a legal conclusion couched as a factual allegation" (internal quotation marks omitted)). Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. Id., at 556, 127 S.Ct. 1955. Determining whether a complaint states a plausible claim for relief will, as the

---

[1] All citations to the docket refer to adversary proceeding # 15-1001 unless otherwise noted.

2

Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. 490 F.3d at 157-158. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not "show[n]"-"that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).

In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

Ashcroft v. Iqbal, 556 U.S. 662, 678-680 (U.S. 2009); see Mastafa v. Chevron Corp., 770 F.3d 170, 177 (2d Cir. 2014).  The Court will scrutinize each of the Wilder Estate's arguments to determine whether it has demonstrated the Complaint fails "states a claim to relief that is plausible on its face."

## DISCUSSION

### I. THE DIVORCE DECREE

The parties' dispute arises from conflicting interpretations of the terms of the Vermont Family Court's Final Order and Decree of Divorce (the "Divorce Decree") dated October 16, 2013. In dividing the parties' real property, the Divorce Decree provided, in relevant part:

> [The Debtor] is awarded use, possession and title to the former marital residence located at 249 and 245 Eagle Ledge Road in Worcester, Vermont, except as hereinafter provided.[2] [The Debtor] shall assume and hold [Mr. Wilder] harmless and indemnify him on any and all obligations, including but not limited to utilities, property taxes, maintenance now due or due in the future on 249 and 245 Eagle Ledge Road except as otherwise provided herein.
> ...
>
> When [the Debtor] sells the former marital residence (249 Eagle Ledge Road, which includes 245 Eagle Ledge Road) or [the Debtor] pays [Mr. Wilder] $54,494, [Mr. Wilder] shall vacate the camp upon receipt of his equity interest being paid to him as herein provided …
>
> [The Debtor] shall pay [Mr. Wilder] $54,494 within 6 months or, alternatively, sell the property. In the event of a sale then upon the sale of 249 and 245 Eagle Ledge Road [the Debtor] shall pay to [Mr. Wilder] as the 'true up' for the equitable division of the equity in the marital estate one-third of the net proceeds for any sale in lieu of said $54,494 … [Mr. Wilder's] interest shall be secured by a first mortgage on 249 and 245 Eagle Ledge Road which mortgage deed shall reflect security of one-third of the sale price …

---

[2] The Divorce Decree contained additional provisions concerning Mr. Wilder's continuing use of 245 Eagle Road, which are no longer relevant here in light of Mr. Wilder's death.

3

...

> Both parties shall execute each and every document necessary and/or desirable to transfer ownership of property as set forth in this document as well as to convey title to real estate and to obtain the removal and/or release of the other party from accounts that the releasing and/or removed party no longer has an interest in or an obligation to pay."

Doc. # 20 (emphasis added). Pertinent to this proceeding, the Divorce Decree gave the Debtor two options for satisfying her obligation to Mr. Wilder vis a vis his interest in the real property at 249 and 245 Eagle Ledge Road in Worcester, Vermont (the "Property"), and directed the Debtor to grant a mortgage to Mr. Wilder to protect his interest in the Property. Under the first option (the "Payment Option") the Debtor would pay Mr. Wilder $54,494, and Mr. Wilder's rights in the Property would terminate upon receipt of that payment. Under the second option (the "Sale Option") the Debtor would sell the Property, and upon sale, pay to Mr. Wilder one-third of the net proceeds from that sale. Under this latter option, Mr. Wilder's rights in the Property would terminate upon his receipt of the specified net proceeds. To ensure Mr. Wilder's interest was protected pending the Debtor's implementation of one of the options, the Debtor was to grant Mr. Wilder a first mortgage on the Property (the "Mortgage Provision").

Three weeks after the Divorce Decree was entered, Mr. Wilder passed away unexpectedly. It is undisputed that the Debtor did not pay either Mr. Wilder or his Estate the sum of $54,494 within six months of entry of the Divorce Decree. It is also undisputed that the Debtor has not yet sold the Property. Lastly, it is undisputed that the Debtor has not granted either Mr. Wilder or his Estate a mortgage on the Property, despite the Wilder Estate's repeated requests that she do so. Instead, the Debtor filed for bankruptcy relief on August 5, 2014, roughly ten months after entry of the Divorce Decree. On her Schedule A, the Debtor claimed an interest in 249 Eagle Ledge Road in the amount of $116,000,[3] and claimed a homestead exemption in the Property in the same amount.

About five months after the Debtor filed for bankruptcy relief, the Wilder Estate filed the Complaint initiating the instant adversary proceeding. In its Complaint, the Wilder Estate seeks three types of relief, all of which are aimed at enforcing the terms of the Divorce Decree. First, the Wilder Estate asserts the terms of the Divorce Decree, and the Debtor's failure to comply with those terms, warrant the imposition of either an equitable lien or a constructive trust in favor of the Wilder Estate, in the amount of $54,494 (the sum due under the Payment Option). Second, the Wilder Estate seeks a

---

[3] The Debtor listed an interest in only 249 Eagle Ledge Road, and did not list any interest in 245 Eagle Ledge Road, the camp. At the Court's May 1, 2015 hearing, both parties agreed that the Debtor's interest includes 245 Eagle Ledge Road, and the Court directed the Debtor to amend her schedules to include the Debtor's interest in Eagle Ledge Road. To date, she has not done so.

determination that the Debtor's claim of a homestead exemption must be denied with respect to that portion of the Property in which the Wilder Estate holds an interest, whether that interest takes the form of an equitable lien, constructive trust, or something else. Finally, the Wilder Estate seeks a determination that its claim arising from the Divorce Decree is excepted from discharge under either § 523(a)(15) or § 523(a)(4) of the Bankruptcy Code.[4] In response, the Debtor filed both an answer and the instant motion to dismiss.

## II. THE MOTION TO DISMISS

The Complaint sets forth five causes of action: Count I seeks a constructive trust, Count II seeks an equitable lien (in the alternative), Count III seeks a denial of the homestead exemption[5], Count IV objects to the dischargeability of its debt under § 523(a)(15), and Count V objects to the dischargeability of its debt under § 523(a)(4). Rather than address each Count separately, the Debtor's Motion to Dismiss has two broad branches of argument. The first branch seeks to limit the scope of relief the Wilder Estate seeks across all five Counts of the Complaint, and the second branch addresses the Wilder Estate's objection to the dischargeability arguments, set out in both Counts IV and V of the Complaint.

### 1. The Scope of Relief

In the Complaint, the Wilder Estate asserts it is entitled to relief from the Debtor's alleged failure to comply with both the Payment Option and the Sale Option. The Debtor argues that, pursuant to the clear language of the Divorce Decree, the Payment Option has expired, and therefore it cannot be the basis for any recovery by the Wilder Estate. The Debtor insists the only option under which the Wilder Estate may seek relief is the Sale Option, and urges the Court to dismiss all causes of action in the Complaint as dependent on the Payment Option.

The Divorce Decree states:

> [The Debtor] shall pay [Mr. Wilder] $54,494 <u>within 6 months or, alternatively</u>, sell the property. In the event of a sale then upon the sale of 249 and 245 Eagle Ledge Road Jennie shall pay to [Mr. Wilder] as the 'true up' for the equitable division of the equity in the marital estate one-third of the net proceeds for any sale in lieu of said $54,494…

Doc. # 20 (emphasis added). Of the two alternatives set out in the Divorce Decree, only one alternative, the Payment Option, was expressly limited to six months.[6] Since the Debtor did not pay Mr. Wilder, or the Wilder Estate, any amount within six months of entry of the Divorce Decree, the Debtor's ability to

---

[4] All statutory citations refer to the Title 11 United States Code (the "Bankruptcy Code") unless otherwise indicated.
[5] On the record at the May 1, 2015 hearing the Wilder Estate clarified that this Count seeks to deny the Debtor a homestead exemption only as to the portion of the Property which it argues is held in constructive trust for the benefit of the Wilder Estate.
[6] The Wilder Estate also argues that the Divorce Decree should be read to apply the six month limitation to the Sale Option as well; however, the text of the Divorce Decree does not support that reading. As stated at the hearing, the Court finds the Sale Option has no time limit.

5

proceed under the Payment Option has expired, leaving the Debtor with only with the Sale Option for satisfying her obligation to her ex-spouse (and his estate) under the Divorce Decree. However, the Debtor's election not to proceed under the Payment Option does not represent a failure to comply with the terms of the Divorce Decree, nor does it give rise to a cause of action on behalf of the Estate. The Divorce Decree plainly permitted the Debtor to opt out of the Payment Option by providing an alternative Sale Option. Hence, at this point, any claims the Wilder Estate has against the Debtor must be based on the Debtor's alleged failure to comply with the Sale Option or some provision of the Divorce Decree, other than the Payment Option.

However, although the Complaint repeatedly requests relief in the amount of $54,494, an amount derived from the Payment Option, none of the causes of action set forth in the Complaint actually rely exclusively on the Payment Option. Rather, the Complaint seeks relief based upon both options interchangeably, and upon the Debtor's alleged failure to comply with both options, as well as her alleged failure to comply with the Mortgage Provision. The Complaint relies exclusively on the Payment Option only in computing the amount or value of damages it seeks. Even absent reliance on the Payment Option, the Complaint alleges facts to support, for example, an equitable lien, though that equitable lien would be limited to "one-third of the net proceeds for any sale," the amount to be paid to Mr. Wilder under the Sale Option, since the Payment Option is no longer available. This is also true for the other legal or equitable remedies which the Wilder Estate alleges flow from the Sale Option, the Divorce Decree generally, and the Debtor's alleged failure to comply with its provisions. The fact that the Payment Option is no longer available does not, in and of itself, vitiate any of the Wilder Estate's rights to seek relief under the Sale Option.

For these reasons, although the scope of recovery the Wilder Estate seeks in each Count is circumscribed by the Court's ruling that the Payment Option has expired, that is not fatal to any individual claim for relief in the Complaint. Therefore, the Motion is denied to the extent it seeks dismissal of any cause of action simply because such relief is not available under the Payment Option.

2. The Estate's Exception from Discharge Arguments

The second branch of the Debtor's Motion addresses the fourth and fifth causes of action set forth in the Complaint. The Debtor argues that, even under the Sale Option, assuming arguendo that the Wilder Estate is entitled to the constructive trust it seeks, the Wilder Estate has failed to state a plausible claim for relief to except its debt from discharge under either § 523(a)(15) or § 523(a)(4).

i. Count IV – § 523(a)(15)

Section 523 of the Bankruptcy Code is captioned "Exceptions to discharge." It provides that a

6

discharge in bankruptcy does not discharge an individual debtor from certain enumerated types of debts. Among those debts excepted from discharge is:

> any debt to a spouse, former spouse, or child of the debtor and not [a domestic support obligation] that is incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record...

11 U.S.C. § 523(a)(15). The Complaint asserts the Debtor's obligation to Mr. Wilder, and subsequently to the Wilder Estate, to sell the Property and deliver Mr. Wilder's one-third share of the proceeds is excepted from discharge as a debt to a former spouse incurred by the Debtor in the course of her divorce. The Wilder Estate likewise asserts the Debtor's obligation to execute a mortgage in favor of Mr. Wilder, pursuant to the Divorce Decree, is excepted from discharge for the same reason.

In response, the Debtor asserts that § 523(a)(15) is not applicable here because, due to Mr. Wilder's death, the debt is no longer owed to "a former spouse" but instead is owed to the former spouse's estate. The Debtor relies on two cases, In re Bryant, 260 B.R. 839 (Bankr. W.D. Ky. 2001), and In re Poppleton, 382 B.R. 455 (Bankr. D. Idaho 2008), which appear to be the only two cases to address this issue. Both cases hold that § 523(a)(15) does not except from discharge a debt owed to a former spouse if that former spouse died pre-petition. However, only one of these cases, Poppleton, was decided after the Bankruptcy Abuse Prevention and Consumer Protection Act ("BAPCPA"), which amended the Bankruptcy Code in 2005 and substantially altered § 523(a)(15). Neither of these cases was decided by a court in this Circuit and thus neither case is binding on this Court. In light of the fact that this is an issue of first impression in this Court, the absence of binding jurisprudence, and the dearth of law on this issue generally, the Court cannot conclude that the Complaint fails to state a plausible claim on which relief can be granted. See Baker v. Cuomo, 58 F.3d 814, 818-19 (2d Cir. 1995) (holding Rule 12(b)(6) dismissals are especially disfavored where the complaint sets forth a novel legal theory that can best be assessed after factual development) vacated in part on other grounds en banc sub nom. Baker v. Pataki, 85 F.3d 919 (2d Cir. 1996); see also Shull v. Pilot Life Ins. Co., 313 F.2d 445, 447 (5th Cir. 1963) (holding that, although "perhaps ironic," the more extreme or far-fetched the asserted theory of liability, the more important that conceptual legal theories be explored and assayed in the light of actual facts, not pleader's supposition).

Accordingly, the Court denies the Motion with respect to its request to dismiss Count IV.

### ii. Count V – § 523(a)(4)

The Complaint also argues the Debtor's obligations to Mr. Wilder to sell the Property and execute a mortgage, as directed by the Divorce Decree, are excepted from discharge under § 523(a)(4). That section of the Bankruptcy Code excepts from discharge:

7

  any debt for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny.

11 U.S.C. § 523(a)(4). On the premise the Court will grant the Wilder Estate the constructive trust it seeks, the Complaint asserts the Debtor's failure to sell the Property or execute a mortgage is a violation of her fiduciary obligations pursuant to that constructive trust. In support of this argument, the Wilder Estate relies on this Court's decision in <u>Sweeney v. Sweeney (In re Sweeney)</u>, 2006 Bankr. LEXIS 2644 (Bankr. D. Vt. Sept. 27, 2006), in which this Court imposed a constructive where a debtor failed to comply with a divorce decree provision directing the debtor to deliver sale proceeds to an ex-spouse, and also excepted the debt from discharge under § 523(a)(4). The Wilder Estate asserts that rationale should apply here. Additionally, the Wilder Estate argues the Debtor's claim of a homestead exemption on the entire Property constitutes a violation of her fiduciary duty to hold her ex-spouse's share of the Property in trust.

  The Debtor advances three arguments as to why the Wilder Estate has failed to state a plausible claim upon which § 523(a)(4) relief can be granted. First, the Debtor claims that if the Court imposes a constructive trust, then the Property comprising the <u>res</u> of the trust is not property of the bankruptcy estate, is therefore outside this Court's jurisdiction, and there is no basis for adjudication of the § 523(a)(4) claim. Second, the Debtor avers that since she has neither sold the Property nor absconded with any proceeds of the Property, she has not committed fraud or defalcation in a fiduciary capacity. That would distinguish this case from <u>Sweeney</u> and require a different outcome. Lastly, the Debtor asserts that simply claiming a homestead exemption cannot give rise to a claim grounded in fraud or defalcation in a fiduciary capacity.

  As to the Debtor's first argument, the Debtor conflates "property" with "debt." This Court has authority, under 28 U.S.C. § 157(b)(2)(I), to determine the dischargeability of a debt, even if that debt relates to property which is not part of the bankruptcy estate or relates to no property whatsoever. <u>See Tenn. Student Assistance Corp. v. Hood</u>, 541 U.S. 440, 447 (2004) (confirming jurisdiction of bankruptcy court over discharge of debt as <u>in rem</u> proceeding); <u>LTV Steel Co. v. Union Carbide Corp. (In re Chateaugay Corp.)</u>, 193 B.R. 669, 676 (S.D.N.Y. 1996) (holding discharge of debts is among essential and defining functions of a bankruptcy proceeding and goes to the essence of jurisdiction); <u>see also</u> <u>VW Credit, Inc. v. Salim (In re Salim)</u>, 2015 Bankr. LEXIS 815 (Bankr. E.D.N.Y. Mar. 16, 2015). Therefore, the Court finds the Debtor, under her first theory, has failed to establish the Complaint does not set forth facts in Count V of the Complaint sufficient to give rise to a plausible § 523(a)(4) claim.

  Nor is dismissal of Count V warranted based on the Debtor's second argument. The fact that the Debtor has not sold the Property and absconded with the proceeds, as the debtor had done in <u>Sweeney</u>, does not establish that the facts alleged cannot give rise to a plausible claim for relief under § 523(a)(4). The Divorce Decree directs "[b]oth parties shall execute each and every document necessary and/or

desirable to transfer ownership of property as set forth in this document as well as to convey title to real estate...." At a minimum, the Complaint alleges the Debtor failed to comply with that directive. Assuming the facts alleged in the Complaint as true, the Debtor's failure to execute the mortgage could plausibly give rise to a cause of action under § 523(a)(4).

However, the Debtor's third argument prevails with respect to the vitality of Count V claim relating to the Debtor's exemption. The Debtor's claim of a homestead exemption cannot, absent other facts, constitute a fraud or defalcation in violation of her alleged fiduciary duty. Even assuming the Debtor had a fiduciary duty to execute a mortgage in favor of her ex-spouse and failed to do so, the Complaint fails to allege facts demonstrating why or how the Debtor's claiming of a homestead exemption could constitute a fraud or defalcation in a fiduciary capacity. The single fact alleged here – that the Debtor has asserted a claim to a homestead exemption – does not permit the Court to infer even the possibility of misconduct, let alone "more than ... the mere possibility" as required under Iqbal.

Therefore, the Court concludes the Wilder Estate has stated a plausible § 523(a)(4) claim for relief based upon the Debtor's failure to execute the mortgage described in the Divorce Decree, but has failed to plead sufficient facts to state a § 523(a)(4) cause of action premised on the Debtor's claim of a homestead exemption in the Property.

## **CONCLUSION**

For the reasons set forth above, the Court grants the Debtor's Motion to Dismiss in two regards. First, the Court grants the Motion to the extent it seeks to dismiss any prayer for relief, in any of the Counts of the Complaint, which relies upon the Debtor's alleged failure to comply with the Payment Option. The Court finds that Option has expired. Second, the Court grants the Motion with respect to the claim set forth in Count V based on the Debtor's alleged fiduciary fraud or defalcation arising from the Debtor's claim of a homestead exemption in the Property.

The Court denies the Motion to Dismiss in all other regards, finding the Wilder Estate has sufficiently pled facts giving rise to a plausible claim for relief with respect to all Counts to the extent the allegations flow from either the Sale Option or the Mortgage Provision in the Divorce Decree, and do not arise from the Debtor's claim of a homestead exemption in the Property.

This memorandum of decision constitutes the Court's findings of fact and conclusions of law.

May 14, 2015
Burlington, Vermont

Colleen A. Brown
United States Bankruptcy Judge